**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allied Waste North America, Inc., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ITS Enterprises, Inc., a Texas corporation,<br><br>    Defendant. | No. CV 07-1596-PHX-MHM<br><br>**ORDER** |

Pending before the Court is Plaintiff Allied Waste North America's ("Allied's") Motion for Attorneys' Fees and Costs (Dkt. #48) and Allied's Supplemental Motion for Attorneys' Fees. (Dkt. #63) Having reviewed the motion, the response and reply thereto, and the supplemental motion, the Court issues the following Order.

**I. BACKGROUND**

This case arose from a dispute between Allied, a waste collection company, and ITS Enterprises, Inc. ("ITS"), a temporary staffing agency that provides temporary labor to waste collection companies. ITS's employees perform administrative work, yard work, and stand on the back of waste trucks assisting in the collection of waste.

ITS provided Allied with temporary labor without a formal contract until Allied informed ITS that it required a written contract to continue the parties' relationship. On April 20, 2005, the companies entered into a Temporary Labor Service Agreement (the

"Contract"). The Contract required that ITS purchase certain types and levels of insurance, including $5 million dollars of comprehensive, general, and contractual liability coverage, and that ITS add Allied as an additional insured under these policies. The Contract further required that ITS defend and indemnify Allied against liability arising out of the Contract. The Contract also contained an entireties clause.

In May 2007, the estate of Marvin Sneed filed its third amended complaint against Allied (the "Lawsuit"). Mr. Sneed was an ITS employee furnished to Allied as a temporary employee pursuant to the Contract. Mr. Sneed sustained fatal injuries while working on an Allied waste truck when the truck snagged a low-hanging telephone wire. The wire pulled down a telephone pole which struck Mr. Sneed in the head. The Lawsuit alleged that Allied was negligent in causing Mr. Sneed's death.

Allied accordingly tendered the Lawsuit to ITS for defense and indemnity pursuant to the terms of the Contract. Upon doing so, Allied discovered that ITS had purchased insurance in a lower amount than was required under the Contract and had never added Allied as an additional insured. ITS thereafter denied Allied's tender of defense and indemnification, and Allied consequently instituted this litigation.

Allied's complaint alleged a breach of contract claim and requested a declaratory judgment that ITS be required to defend and indemnify Allied in the Lawsuit by the estate of Mr. Sneed, pay all attorneys' fees, costs, and other litigation expenses, and indemnify Allied against any judgment the plaintiff might obtain in the Lawsuit. (Dkt. #4) On May 28, 2008, Allied filed a motion for summary judgment on its breach of contract claim. (Dkt. #37) At that time, Allied did not move for summary judgment on the damage claim because the Lawsuit was ongoing and Allied's damages were not fixed.

On March 25, 2009, the Court granted Allied's Motion for Summary Judgment on its breach of contract claim. (Dkt. #45) Thereafter, Allied filed the instant Motion for Attorneys' Fees and Costs. (Dkt. #48) In early 2009, Allied obtained a defense verdict in the Lawsuit, fixing its damages. As a result, on May 29, 2009, Allied filed a Motion for Summary Judgment on its Damage Claim. (Dkt. #58) The Court granted Allied's Motion

for Summary Judgment on the Damage Claim, and ordered the Clerk of the Court to enter judgement against ITS in the amount of $75,943.60 plus interest. (Dkt. #61) At this time, the Court also granted Allied leave to supplement its fee application to include the fees incurred in briefing its Motion for Summary Judgment on its damage claim. (Dkt. #61) Thereafter, Allied filed a Supplemental Motion for Attorneys' fees. (Dkt. #63)

**II. MOTION FOR ATTORNEYS' FEES**

Allied moves the Court for attorneys' fees in the amount of $45,423.50 and non-taxable costs in the amount of $338.90 pursuant to Federal Rule of Civil Procedure 54(d)(2), LRCiv. 54.2, Local District Court Rules for the District of Arizona, and A.R.S. § 12-341.01. (Dkt. #48 at 1, 4) In its Supplemental Motion for Attorneys' Fees, Allied requests an additional $2110.50 in attorneys' fees. (Dkt. #63)

Allied asserts that (1) as the prevailing party, it is entitled to attorneys' fees and costs under the fee provision of the Contract,[1] or in the alternative, under A.R.S. § 12-341.01(A)[2] and (2) its fee request is reasonable, as determined under the factors in LRCiv. 54.2(c)(3). (Dkt. #48 at 3-5) In its response, ITS mainly disputes the "reasonableness of the time and labor expended by Allied's counsel," though it does not dispute that Allied is the prevailing party, or that as such they are entitled to "an award of *reasonable* attorney's fees." (Dkt. #51 at 2)

A party moving for attorneys' fees must establish that it is eligible and entitled to an award, and that the requested award is reasonable. See LRCiv 54.2(c). A successful party in an action arising out of a contract is eligible for an award of reasonable attorneys' fees

---

[1] The Contract provides that when an action is brought to enforce any provision therein, the prevailing party shall be entitled to recover costs and expenses from the non-prevailing party, "including reasonable attorneys' and expert witness fees, and all costs, whether considered taxable or non-taxable, in addition to all the rights and remedies available at law." (Dkt. #48, Exh. 2)

[2] A.R.S § 12-341.01(A) provides that "[i]n any contested action arising out of contract, express or implied, the court may award the successful party reasonable attorney's fees."

pursuant to A.R.S. § 12-341.01(A). See Sparks v. Republic Nat'l Life Ins. Co., 132 Ariz. 529, 544 (1982). "In deciding whether to award fees under A.R.S. § 12-341.01(A), [courts] consider several factors: (1) the merits of the unsuccessful defense, (2) whether the litigation could have been avoided, (3) whether an award would cause extreme hardship, (4) whether plaintiff completely prevailed, (5) the novelty of the legal issues, and (6) whether an award would discourage parties with tenable claims from litigating." BBQ Hut, Inc. v. Maelin Enterprises, LLC, 2008 WL 2687685, at *2 (D. Ariz. 2008) (citing Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570 (1985)). "An award of attorneys' fees pursuant to this statute is discretionary in nature, and no presumptions arise in favor of the prevailing party." Biltmore Associates, LLC v. Twin City Fire Ins. Co., 2007 WL 496766, at *1 (D. Ariz. 2007) (citing Associated Indem. Corp., 143 Ariz. at 569). After weighing the factors listed above, the Court in its discretion concludes that Allied is entitled to an award of reasonable attorneys' fees.[3]

ITS disputes the reasonableness of Allied's requested attorneys' fees, and asks the Court to "exercise its discretion to significantly reduce any award of fees granted pursuant to Allied's Fee Application" accordingly. (Dkt. #51 at 2-3)

The considerations in determining reasonableness of fees are set out in LRCiv. 54.2(c)(3), and include:

> (A) The time and labor required of counsel; (B) The novelty and difficulty of the questions presented; (C) The skill requisite to perform the legal service properly; (D) The preclusion of other employment by counsel because of the acceptance of the action; (E) The customary fee charged in matters of the type involved;(F) Whether the fee contracted between the attorney and the client is fixed or contingent; (G) Any time limitations imposed by the client or the circumstances; (H) The amount of money, or the value of the rights involved, and the results obtained; (I) The experience, reputation and ability of counsel; (J) The "undesirability" of the case; (K) The nature and length of the professional relationship between the attorney and the client; (L) Awards in

---

[3] Because the Court exercises its discretion to award Allied reasonable attorneys' fees under A.R.S. § 12-341.01(A) and LRCiv. 54.2, the Court does not address Allied's argument that the Court lacks discretion to deny a party attorneys' fees under a contractual fee provision, but must award them as a matter of right under Chase Bank of Arizona v. Acosta, 179 Ariz. 563, 575, 880 P.2d 1109, 1121 (App. 1994).

similar actions; and (M) Any other matters deemed appropriate under the circumstances.

A review of Allied's Motion for Attorneys' Fees and Costs, Attorney Lopez's Declaration in support thereof, and attached itemized description of all work performed reveals that the attorneys' fees sought are reasonable under LRCiv. 52.4(c)(3). Likewise, the Supplemental Motion for Attorneys' fees is also reasonable. Allied was charged a reduced hourly billing rate for all attorneys working on the matter because of its longstanding relationship with the law firm, and therefore the hourly billing rate was more than reasonable considering the "experience, reputation and ability" of counsel. The nature and progression of the litigation merited the amount of time spent on the matter. Moreover, Allied's attorney was clearly effective in obtaining a favorable result. The Court's detailed review of all Allied's expenditures shows that they comport with the definition of reasonableness outlined in LRCiv. 54.2(c)(3).

ITS specifically objects to the fact that attorneys for Allied "billed approximately 78.7 hours" working on the Motion for Summary Judgment, Reply, and Statement of Facts. (Dkt. #51 at 3; Exh. 1 (detailing all time entries in Allied's Motion for Attorneys' Fees that involve the Motion for Summary Judgment, Statement of Facts, or Reply)) Local Rule 54.2(f) requires that a responsive memorandum in opposition to a motion for award of attorneys' fees and related non-taxable expenses shall "identify with specificity all disputed issues of material fact and shall separately identify each and every disputed time entry or expense item." The rule also permits respondents to "attach controverting affidavits." Here, counsel for ITS has made only the general assertion that 78.7 hours is excessive for the work described. ITS has failed to provide any evidentiary support for the general proposition that 78.7 hours is excessive. ITS also failed to object to any specific billing entry as inappropriate for inclusion in an award of attorneys' fees, instead objecting generally to the entries relating to the Motion for Summary Judgment, Statement of Facts, and Response as a whole. In its Reply, Allied rejects the assertion that 78.7 hours was excessive and describes the extent of the work involved in the abovementioned motion and related documents, providing a

sufficient justification for the amount of time spent. (Dkt. #55) The Court finds this explanation adequate to support the request for attorneys' fees.

**Accordingly,**

**IT IS ORDERED** granting Allied's Motion for Attorneys' Fees and Costs (Dkt. #48)

**IT IS FURTHER ORDERED** granting Plaintiff's Supplemental Motion for Attorneys' Fees (Dkt. #63)

**IT IS FURTHER ORDERED** awarding Allied $45,423.50 for attorneys' fees and $338.90 for costs, plus an additional $2,110.50 for attorneys' fees, for a total award of $47,872.90.

DATED this 17th day of November, 2009.

_____
Mary H. Murguia
United States District Judge